CENTRAL TRUST CO. *v.* CENTRAL IOWA RY. CO. *et al.*

(*Circuit Court, S. D. Iowa, C. D.*   May 29, 1889.)

1. JUDGMENT—LIEN—COSTS.
   Under Code Iowa, § 1309, declaring that a judgment against a railway corporation for damages for personal injuries shall be a lien on the corporate property superior to the lien of mortgages, etc., the costs necessarily resulting from the action to procure the judgment and enforce the lien are entitled to like priority.
2. COSTS—IN FEDERAL COURTS.
   Pending an action by petitioner in the state courts against defendant company for damages for personal injuries, an action was brought in the federal court to foreclose a mortgage on defendants' property, and a receiver was appointed, whereupon petitioner intervened in the foreclosure proceeding, and obtained a judgment for the damages: testimony previously taken in the state court being used on the trial of the intervention. *Held,* that the costs incurred in the state courts, as well as those in the federal court, should be allowed to petitioner.

In Equity.   Foreclosure proceedings.   Petition of William Kellow, Jr., administrator, for payment of judgment and costs.

*H. T. Reed* and *A. Chapin,* for petitioner.

*A. C. Daly,* for receiver.

SHIRAS, J.   Prior to the initiation of the proceedings for the foreclosure of the mortgage upon the line of railroad owned by the Central Iowa Railway Company, William Kellow, Jr., as administrator of the estate of H. E. Carter, brought an action against the railway company to recover damages on the ground that Carter's death had been caused by the negligence of the company, the action being brought in the state court.   On the trial of the case a verdict for defendant was rendered, which the trial court set aside, and ordered a new trial.   On appeal to the supreme court of the state this order was affirmed.   23 N. W. Rep. 740, and 27 N. W. Rep. 466.   In the mean time, proceedings for the foreclosure of the mortgage resting upon the railroad were instituted in this court, a receiver of the property being appointed.   Thereupon the administrator applied to this court for leave to join the receiver as a party defendant to the action pending in the state court, which was refused, whereupon the administrator filed an intervening petition in the foreclosure proceedings, and upon the report of the master that he had shown good cause, the action was set down for trial before a jury, and at the October term, 1888, of this court a verdict was returned in favor of the petitioner, assessing the damages at $2,500.

The present petition seeks an order for the payment of this sum, with interest and costs, including therein the costs on the original trial in the

circuit court of Cerro Gordo county and in the supreme court of the state. Counsel representing the receiver does not question the right to an order for the payment of the damages assessed and the costs in this court, but objects to the claim made for the costs incurred in the proceedings in the state courts. By agreement of parties, the depositions taken in the state court were used upon the trial in this court. In support of the objections against the allowance of the costs incurred in the state courts it is urged that the proceedings therein are entirely independent of the action in this court, and the costs thereof cannot be tacked to the judgment in this court, and, further, that a judgment or claim for costs is not a judgment for a personal injury within the meaning of section 1309 of the Code of Iowa, which declares that a judgment against a railway corporation, for an injury to the person, is a lien upon the corporate property superior to the lien of all mortgages executed since the 4th day of July, 1862. The declaration of the statute that "a judgment against any railway company for any injury to any person," etc., properly construed, means that a judgment rendered for the damages caused by an injury to a person shall be a superior lien, and in this sense damages may include the costs incurred in the enforcement of the claim. The statute makes the judgment the superior lien; that is, the judgment in its entirety, and not so much of it as covers only the direct damages caused by the injury to the person. The statute of Iowa confers the right to award costs as a part of a judgment against a losing party, and section 1309 declares that a judgment against a railway company for injuries to the person shall be a lien upon the corporate property. Costs being a proper part of a judgment in such cases, they as rightfully enter into the judgment as any other items of damage included therein, and are equally within the protection of the statute in question. In *Institution* v. *Jersey City*, 113 U. S. 506, 5 Sup. Ct. Rep. 612, the supreme court holds that the costs incurred in the foreclosure of a prior mortgage are entitled to the same priority as the mortgage debt over subsequent liens. In principle this covers the question of the costs necessarily incurred in the procurement of a judgment for personal injuries, and justifies the holding that the costs necessarily resulting from the action to procure the judgment and enforce the lien will come within the protection of the statute.

There is plausibility in the objection that the judgment in this court is in an entirely different proceeding from the action in the state court, and that the costs in the latter cannot be made part of the costs in this court. The change in the proceedings was not due to any fault of the plaintiff, but was caused by the foreclosure proceedings, and the appointment of the receiver. Had the plaintiff pursued the action in the state court to a judgment, and had then brought a petition in this court, asking an order for the payment thereof, it would have been granted, and the order would have included the payment of the entire judgment in the state court; that is, the costs in that court would have been paid, as well as the remainder of the judgment. Instead, however, of pursuing the action in the state court, the further litigation was had

in this court, but the testimony taken in the state court was used in this court. The present proceeding is in equity, and the court should deal with this question according to the real equities of the parties. In assessing the costs upon the final judgment, the petitioner is entitled to show the total costs made in the entire proceedings, for it cannot be denied that the several steps taken, whether in the state or federal courts, were all intended to accomplish the one end, and, while technically they may be said to be independent of each other, they in fact form part of the one proceeding, and are so connected together in fact as to sustain the right to so view them when settling the matter of costs. The petitioner is therefore entitled to an order for the payment of the judgment, including therein the costs made in the state courts.